United States District Court
Southern District of Texas

**ENTERED**

February 11, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| 0.969 ACRES OF LAND, more or less, in | § | |
| STARR COUNTY, TEXAS; | § | |
| EVANGELINA GARZA CHAVEZ; | § | |
| DORA GARZA HINOJOSA; MINERVA | § | |
| GARZA SALINAS; BENITA GARZA | § | |
| ZEPEDA a/k/a BENITA GARZA | § | CIVIL ACTION NO. 7:20-cv-00402 |
| CEPEDA; CELIA GARZA; ALICIA | § | |
| GARZA VASQUEZ; HECTOR ANTONIO | § | |
| GARZA; SAMUEL ALEJANDRO | § | |
| GARZA; MAURO ANDRES GARZA; | § | |
| UNKNOWN HEIRS OF JUAN ANTONIO | § | |
| MUNIZ; UNKNOWN HEIRS OF PEDRO | § | |
| GARZA; UNKNOWN HEIRS OF | § | |
| HECTOR GARZA; and AMEIDA | § | |
| SALINAS, Starr County Tax Assessor- | § | |
| Collector, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers Plaintiff United States' "Brief Regarding Just Compensation."[1]

The United States commenced this case on December 9, 2020.[2] The parties filed their joint

discovery/case management plan on April 2, 2021, which revealed that:

> The three defendants the United States contacted stated they did not want to
> participate or appear in this case. These defendants advised the United States to
> contact defendant Evangelina Garza Chavez. The United States has been

---

[1] Dkt. No. 30.
[2] Dkt. No. 1.

unsuccessful in contacting Evangelina Garza Chavez, and as a result the United
States does not know if the defendants agree or disagree with this allegation.[3]

The United States completed service on Evangelina Garza Chavez on January 30, 2021,[4] but she

has yet to appear in this case. On April 6, 2021, this Court issued a scheduling order providing

intermediary deadlines including a deadline for all parties to notify the Court whether they seek an

evidentiary hearing on the issue of just compensation in this eminent domain case and a deadline

for all parties to file a brief with their arguments and evidence respecting just compensation.[5] In

January 2022, Plaintiff United States represented that it "attempted to confer with the Defendants,

Evangelina Garza Chavez, Dora Garza Hinojosa, Minerva Garza, however these parties either

refused to cooperate with the United States or hung up the phone upon the United States'

introduction."[6] To date, no Defendant has appeared or filed their notice or brief despite service on

all Defendants.[7]

Defendants' nonparticipation has consequences. "The burden of establishing the value of

the land sought to be condemned remains with the landowner."[8] When landowners have an

opportunity to be heard but fail to rebut the United States' evidence of just compensation, the Court

may rely solely on the United States' evidence in establishing just compensation for the exercise

of eminent domain at issue.[9] Given Defendants' persistent nonparticipation, the Court holds that

it may adjudge just compensation solely upon the brief and evidence submitted by the United

---

[3] Dkt. No. 26 at 2, ¶ 5.
[4] Dkt. No. 18.
[5] Dkt. No. 27 at 2–3.
[6] Dkt. No. 29 at 1.
[7] *See* Dkt. Nos. 5–6, 17–24.
[8] *United States v. Land, 62.50 Acres of Land more or less, situated in Jefferson Par.*, 953 F.2d 886, 890 (5th Cir.
1992) (citing *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 273–76 (1943)).
[9] *United States v. 8.41 Acres of Land, more or less, situated in Orange Cnty.*, 680 F.2d 388, 395 (5th Cir. 1982).

States. The United States has "consent[ed] to the Court deciding the issue of just compensation upon briefs and evidence" without an evidentiary hearing.[10]

The Court first turns to the issue of title and who should receive just compensation in what shares for the taking. The Court has jurisdiction to determine ownership of the money paid into its custody by the United States.[11] "The Constitution requires that just compensation be made and the statutes charge the district court with seeing that this is done. It cannot be done by paying it to the wrong persons."[12] As such, the Court is charged with determining the true owner of condemned land and who should properly receive just compensation for the taking.[13] The Court looks to local law to determine the true owners and appropriate recipients of just compensation.[14] When more than one person or entity claims the same land or entitlement to just compensation for its taking, the burden is on the claimant to identify the proper scope and priority of its interests.[15] The Court does not award compensation to an owner whose property is not interfered with or taken.[16]

---

[10] Dkt. No. 29 at 1.

[11] *James Alexander, Inc. v. United States*, 128 F.2d 82, 85 (5th Cir. 1942).

[12] *Clark v. White*, 185 F.2d 528, 530 (5th Cir. 1950).

[13] *United States v. 22,680 Acres of Land in Kleberg Cnty.*, 438 F.2d 75, 77 (5th Cir. 1971) (per curiam); *see Clark*, 185 F.2d at 530 ("Of the jurisdiction and duty of the district court in distributing the fund in a condemnation case to find out to whom it justly belongs we have no doubt, and technical considerations ought not to limit it."); *United States v. 88.28 Acres of Land, more or less, in Porter Cnty.*, 608 F.2d 708, 714 (7th Cir. 1979) (citing *United States v. 1,629.6 Acres of Land*, 503 F.2d 764, 766 (3d Cir. 1974)) ("The district court clearly had the power to settle the conflicting claims to the title of the condemned land."); *United States v. Atomic Fuel Coal Co.*, 383 F.2d 1, 3 (4th Cir. 1967) ("With notice of the claim of Atomic, its interest as well as that of all other claimants should have been determined by the Court before directing the ascertainment of just compensation.").

[14] *United States v. 0.073 Acres of Land, more or less, situate in Pars. of Orleans & Jefferson*, 705 F.3d 540, 544 (5th Cir. 2013) (citing *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 279 (1943)); *see United States v. 1,078.27 Acres of Land, more or less, situated in Galveston Cnty.*, 446 F.2d 1030, 1040 (5th Cir. 1971) ("Local, rather than federal, law applies in a land title dispute of this nature.").

[15] *United States v. Lee*, 360 F.2d 449, 452 (5th Cir. 1966) (citing *United States v. Turner*, 175 F.2d 644 (5th Cir. 1949)); *see United States v. Certain Land in Vill. of Highgate Springs*, 413 F.2d 128, 128 (2d Cir. 1969) (per curiam) (holding that a claimant failed to carry his burden of establishing his title); *United States v. 350.925 Acres of Land, more or less, in Presidio Cnty.*, 588 F.2d 430, 431 (5th Cir. 1979) ("The burden on the prevailing claimant is simply to show that his claim is superior to that of the other.").

[16] *United States v. 14.38 Acres of Land, more or less situated in Leflore Cnty.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (quoting *United States v. 68.94 Acres of Land, more or less, situate in Kent Cnty.*, 918 F.2d 389, 393 (3d Cir. 1990)) ("[T]he public . . . has vested interests in insuring that the Government does not pay more than what the owner justly requires.").

The United States' taking in this case takes from a parcel "out of a called 4.657 acre tract, recorded in Document No's. 1972-81740 and 1996-187802, Official Records of Starr County (O.R.S.C.), Texas."[17] The 1972 record does not appear to be easily accessible. However, the 1996 record indicates that the land at issue was conveyed to Evangelina Garza Chavez, Dora Garza Hinojosa, Hector Garza, Minerva Garza Salinas, Benita Garza Cepeda, Celia Garza Garza, Alicia Garza Vasquez, and Pedro Garza.[18] The United States named all of these Defendants or their heirs, in addition to other Defendants.[19] However, the United States' evidence of the shares held by each Defendant is scant, and does not demonstrate what percentage ownership each individual Defendant holds.[20] The Court therefore **ORDERS** Plaintiff United States to supplement its brief regarding just compensation with additional briefing and evidence to establish title and individual Defendants' percentage entitlement to just compensation no later than **February 28, 2022**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 11th day of February 2022.

_____
Micaela Alvarez
United States District Judge

---

[17] Dkt. No. 1-1 at 6.
[18] Starr County Official Records Search, STARR CNTY., https://starr.tx.publicsearch.us/ (search for "187802").
[19] Dkt. No. 1.
[20] *See* Dkt. No. 30 at 3–4, ¶¶ 7–8.