United States District Court
Southern District of Texas

**ENTERED**

March 04, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| 0.969 ACRES OF LAND, more or less, in | § | |
| STARR COUNTY, TEXAS; | § | |
| EVANGELINA GARZA CHAVEZ; | § | |
| DORA GARZA HINOJOSA; MINERVA | § | |
| GARZA SALINAS; BENITA GARZA | § | |
| ZEPEDA a.k.a BENITA GARZA | § | |
| CEPEDA; CELIA GARZA; ALICIA | § | CIVIL ACTION NO. 7:20-cv-00402 |
| GARZA VASQUEZ; HECTOR ANTONIO | § | |
| GARZA; SAMUEL ALEJANDRO | § | |
| GARZA; MAURO ANDRES GARZA; | § | |
| UNKNOWN HEIRS OF JUAN ANTONIO | § | |
| MUNIZ; UNKNOWN HEIRS OF PEDRO | § | |
| GARZA; UNKNOWN HEIRS OF | § | |
| HECTOR GARZA; and AMEIDA | § | |
| SALINAS, Starr County Tax Assessor- | § | |
| Collector, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers the United States' "Amicus Brief Regarding Ownership of Subject Property,"[1] and "Brief Regarding Just Compensation."[2] On February 11, 2022, the Court noted Defendants' "persistent nonparticipation" in this case despite Defendants' burden of proof to establish the value of the land to be taken in this eminent domain proceeding.[3] Accordingly, the Court ordered Plaintiff United States to establish the percentage entitlement of Defendants to just

---

[1] Dkt. No. 32.
[2] Dkt. No. 30.
[3] Dkt. No. 31 at 2.

compensation in this case and held that the Court would determine just compensation solely based

on the United States' evidence.[4] The United States timely filed its brief regarding title[5] and just

compensation.[6] The Court therefore turns to the issues.

## I.   TITLE

Again, the Court looks to local law to determine the true owners and appropriate recipients

of just compensation for an eminent domain condemnation.[7] In this case, the United States seeks

to take a 0.969-acre parcel of land designated Tract RGV-RGC-5044 "out of a called 4.657 acre

tract, recorded in Document No's. 1972-81740 and 1996-187802, Official Records of Starr

County" proximate to and over property designated as "Share 10-B."[8] On December 18, 1935,

Starr County District Judge L. Broeter entered a "Final Decree of Partition" which allotted all of

Share 10 with all of its subdivisions to "Antonio Muniz."[9] In a 1972 recorded Affidavit of Heirship,

an individual acquainted with Antonio Muniz averred that he died in October 1955 and his wife

died in March 1957, each survived by their three children Elisa Muniz Garza, Juan Antonio Muniz,

and Domingo Muniz.[10] Antonio Muniz and his wife appear to have died intestate, so their interest

in Share 10 descended to each of their children in ⅓ shares each.[11] Also in 1972, Domingo Muniz

and his wife conveyed all of their relevant property interests to Domingo's sister, Elisa Muniz

Garza, and her husband, Evangel Garza.[12] In 1996, Elisa and Evangel, then holding a ⅔ interest,

conveyed all of their relevant property interests, evidently in equal shares, to "EVANGELINA

GARZA CHAVEZ, DORA GARZA HINOJOSA, HECTOR GARZA, MINERVA GARZA

---

[4] Dkt. No. 31 at 2–3.
[5] Dkt. No. 32.
[6] Dkt. No. 30.
[7] *United States v. 0.073 Acres of Land, more or less, situate in Pars. of Orleans & Jefferson*, 705 F.3d 540, 544 (5th Cir. 2013) (citing *United States ex rel. Tenn. Valley Auth. v. Powelson*, 319 U.S. 266, 279 (1943)).
[8] Dkt. No. 1-1 at 6.
[9] Dkt. No. 32-1 at 22.
[10] Dkt. No. 32-2.
[11] TEX. PROB. CODE ANN. § 38 (West 2013).
[12] Dkt. No. 32-3.

SALINAS, BENITA GARZA CEPEDA, CELIA GARZA GARZA, ALICIA GARZA VASQUEZ and PEDRO GARZA."[13] With respect to the ⅓ interest left to one son, Juan Antonio Muniz, Plaintiff could not identify any "estate, probate or conveyance documentation" other than a military draft card identifying Juan Antonio Muniz as having been born in August 1927. Plaintiff assumed Juan Antonio Muniz has died and named his "Unknown Heirs and/or Devisees of Juan Antonio Muniz" as retaining a ⅓ interest in the subject property.

With respect to the ⅔ interest conveyed to the eight grantees, grantee Hector Garza died evidently intestate in 1999, survived by his three children Hector Antonio Garza, Samuel Alejandro Garza, and Mauro Andres Garza.[14] Because the two-thirds interest in the whole was divided by eight grantees, and further divided by Hector Garza's three children to whom his interest descended, each of Hector Garza's children possess a one-thirty-sixth interest ($⅔ \div 8 \div 3$) in the whole. Grantee Pedro Garza died evidently intestate at age fifty-one without issue in 2012. His obituary states that Pedro Garza was predeceased by his mother—Elisa Muniz Garza—and survived by his six sisters and "numerous nephews and nieces," but says nothing about whether Pedro Garza's father Evangel Garza predeceased him. The United States presumed that Evangel Garza had died by 2012.[15] The Court finds this to be a reasonable assumption given the available evidence. Pedro Garza's interest upon his death would therefore distribute to his seven siblings or their descendants in equal shares.[16] Therefore, each sibling received an additional one-eighty-fourth share of the whole ($⅔ \div 8 \div 7$), but because Hector Garza predeceased his brother Pedro, Hector's children each received an additional 1/252 share ($⅔ \div 8 \div 7 \div 3$). Each of Pedro Garza's siblings therefore possesses a 2/21 share of the whole, and each of Hector Garza's children

---

[13] Dkt. No. 32-4 at 1.
[14] Dkt. No. 32-5 at 1.
[15] *See* Dkt. No. 32 at 5, ¶ 16.
[16] TEX. PROB. CODE ANN. § 38 (West 2013).

possesses a 2/63 share of the whole. The Court therefore agrees with Plaintiff's math.[17] In

summary:

| INDIVIDUAL | TOTAL INTEREST |
|---|---|
| Unknown Heirs and/or Devisees of Juan Antonio Muniz | 1/3 |
| Evangelina Garza Chavez | 2/21 |
| Dora Garza Hinojosa | 2/21 |
| Minerva Garza Salinas | 2/21 |
| Benita Garza Cepeda (a.k.a Benita Garza Zepeda) | 2/21 |
| Celia Garza Garza | 2/21 |
| Alicia Garza Vasquez | 2/21 |
| Hector Antonio Garza | 2/63 |
| Samuel Alejandro Garza | 2/63 |
| Mauro Andres Garza | 2/63 |

However, the United States adds that "$796.16 in property taxes is owed on the Subject

Property" to Defendant Ameida Salinas, Starr County Tax Assessor-Collector as of February 25,

2022.[18] On December 16, 2020, Defendant Salinas waived service of process in this case,[19] but

never filed an answer to Plaintiff's complaint, a claim, or any other document to establish that any

Defendant owes taxes on the property that is the subject of this case. Plaintiff does not cite any

evidence that any property taxes are owed.[20] The Court declines to accept Plaintiff's naked

assertion to reduce the distribution of just compensation to any Defendant.

Having ascertained title, the Court now turns to the issue of just compensation.

## II. JUST COMPENSATION

Again, Defendants' refusal to participate in this case, despite their burden to establish the

value of the land, means that the Court may rely solely on the United States' evidence to establish

just compensation for the taking at issue.[21] The Court generally looks to fair market value and

appraisal evidence to establish just compensation under the Fifth Amendment to the United States

---

[17] Dkt. No. 32 at 6, ¶ 19.
[18] *Id.* ¶ 18.
[19] Dkt. No. 6.
[20] *See* Dkt. No. 32 at 6, ¶ 18.
[21] Dkt. No. 31 at 2.

Constitution for a taking.[22] "In estimating the fair market value of Tract RGV-RGC-5044, the United States relied on an appraisal report submitted by appraiser, Brett E. Weatherbie, MAI, on behalf of Valbridge Property Advisors to the United States Army Corps of Engineers."[23] Mr. Weatherbie produced a lengthy appraisal report which assessed the property uses of adjacent properties, three comparable sales, adjustments for location and access, an adjustment for border security infrastructure in the after condition, and numerous other factors, to arrive at a final valuation of $2,700 using the before-and-after method required in the Fifth Circuit.[24] Mr. Weatherbie certified that his conclusions are true and correct and the result of unbiased professional analyses.[25] The Court has no reason to discount Mr. Weatherbie's appraisal and accepts the appraisal report as competent and uncontroverted expert evidence under Federal Rule of Evidence 702.

### III. CONCLUSION

For the foregoing reasons, the Court **ADJUDGES** that $2,700 is just compensation for Plaintiff United States' taking of Tract RGV-RGC-5044 in this case, with disbursement to be allocated according to the property interests outlined above. No issues remain in this case. This case will therefore terminate upon entry of the Court's final judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of March 2022.

_____
Micaela Alvarez
United States District Judge

---

[22] *See United States v. 30.00 Acres of Land*, No. 7:19-cv-00234, 2020 WL 4344549, at *3–4 (S.D. Tex. June 9, 2020) (Alvarez, J.).
[23] Dkt. No. 30 at 7, ¶ 18.
[24] *Id.* at 7–9, ¶¶ 19–22 (citing Dkt. No. 30-1).
[25] Dkt. No. 30-1 at 7.