United States District Court
Southern District of Texas
**ENTERED**
March 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| 0.969 ACRES OF LAND, more or less, in | § | |
| STARR COUNTY, TEXAS; | § | |
| EVANGELINA GARZA CHAVEZ; | § | |
| DORA GARZA HINOJOSA; MINERVA | § | |
| GARZA SALINAS; BENITA GARZA | § | |
| ZEPEDA a.k.a BENITA GARZA | § | CIVIL ACTION NO. 7:20-cv-00402 |
| CEPEDA; CELIA GARZA; ALICIA | § | |
| GARZA VASQUEZ; HECTOR ANTONIO | § | |
| GARZA; SAMUEL ALEJANDRO | § | |
| GARZA; MAURO ANDRES GARZA; | § | |
| UNKNOWN HEIRS OF JUAN ANTONIO | § | |
| MUNIZ; UNKNOWN HEIRS OF PEDRO | § | |
| GARZA; UNKNOWN HEIRS OF | § | |
| HECTOR GARZA; and AMEIDA | § | |
| SALINAS, Starr County Tax Assessor- | § | |
| Collector, | § | |
| | § | |
| Defendants. | § | |

## **FINAL JUDGMENT**

The Court hereby renders final judgment in this case in accordance with Federal Rules of

Civil Procedure 54 and 58. Having considered the evidence and having determined title and just

compensation,[1] the Court **ORDERS**, **ADJUDGES**, and **DECREES** that:

The United States is granted fee simple absolute interest and immediate possession over

Tract RGV-RGC-5044, consisting of 0.969 acres in Starr County, Texas, as described in the

---

[1] Dkt. No. 33.

United States' Schedules C and D,[2] subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals; and reserving to the owners Juan Antonio Muniz or his devisees, Evangelina Garza Chavez, Dora Garza Hinojosa, Minerva Garza Salinas, Benita Garza Cepeda (a.k.a Benita Garza Zepeda), Celia Garza Garza, Alicia Garza Vasquez, Hector Antonio Garza, Samuel Alejandro Garza, and Mauro Andres Garza, reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the United States' Schedule E map;[3] and excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation, and maintenance of the border barrier.

The United States must use its interests granted by this judgment for the public purposes for which the property is taken: to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas. The United States is granted immediate possession of its real property interests obtained herein and all those who interfere with or whose use is inconsistent with the United States' interests in the subject properties are hereby **ORDERED** to immediately surrender possession to the United States to the extent of the United States' interests granted by this final judgment.

---

[2] Dkt. No. 1-1 at 5–12.
[3] *Id.* at 15.

The total sum of two thousand seven hundred dollars ($2,700), together with any interest earned while on deposit in the registry of the Court,[4] constitutes just compensation under the Fifth Amendment to the United States Constitution for the taking of Tract RGV-RGC-5044 and such sum fully satisfies any claims of whatever nature by any Defendant against the United States for this action and taking. Judgment is entered against Plaintiff United States of America for the amount of just compensation. All taxes, liens, encumbrances, and charges of whatever nature existing against the interests taken in the subject properties as of January 13, 2021,[5] shall be deducted from the compensation distributed by this final judgment. The Court **ORDERS** the Clerk of the Court to immediately disburse $1,800 of the $2,700 on deposit in the registry of the Court, and ⅔ of the interest thereof, in the following amounts payable to the order of:

- $257.14 to Evangelina Garza Chavez with a 2/21 share of the accrued interest from the date of deposit,
- $257.14 to Dora Garza Hinojosa with a 2/21 share of the accrued interest from the date of deposit,
- $257.14 to Minerva Garza Salinas with a 2/21 share of the accrued interest from the date of deposit,
- $257.14 to Benita Garza Cepeda (a.k.a Benita Garza Zepeda) with a 2/21 share of the accrued interest from the date of deposit,
- $257.14 to Celia Garza Garza with a 2/21 share of the accrued interest from the date of deposit,
- $257.14 to Alicia Garza Vasquez with a 2/21 share of the accrued interest from the date of deposit,
- $85.72 to Hector Antonio Garza with a 2/63 share of the accrued interest from the date of deposit,
- $85.72 to Samuel Alejandro Garza with a 2/63 share of the accrued interest from the date of deposit, and
- $85.72 to Mauro Andres Garza with a 2/63 share of the accrued interest from the date of deposit.

---

[4] *See* 40 U.S.C. § 3116. *But see* 40 U.S.C. § 3114(c)(1).
[5] *See* 40 U.S.C. § 3114(b); *United States v. 162.20 Acres of Land, more or less, in Clay Cnty.*, 639 F.2d 299, 303 (5th Cir. 1981) ("[T]he filing of a declaration of taking and deposit of estimated compensation vests title in the United States, accomplishing the taking."); Dkt. No. 1-1 at 17 (estimating $2,700 to be just compensation); Dkt. No. 7 (deposit of $2,700 in the Court's registry on January 13, 2021).

With respect to the remaining $900 and accrued interest, such sum is set aside in the registry of the Court for Juan Antonio Muniz, son of Antonio Muniz, or his heirs or devisees, pursuant to 28 U.S.C. § 2042. In order for the sum to be claimed, any person or entity claiming entitlement shall first move the Court for an order of disbursement before such funds may be distributed. If unclaimed, such amount shall be paid into the Treasury of the United States on January 13, 2026, without further order of the Court "in the name and to the credit of the United States," but "[a]ny claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him."[6]

In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants Juan Antonio Muniz and his devisees, Evangelina Garza Chavez, Dora Garza Hinojosa, Minerva Garza Salinas, Benita Garza Cepeda (a.k.a Benita Garza Zepeda), Celia Garza Garza, Alicia Garza Vasquez, Hector Antonio Garza, Samuel Alejandro Garza, and Mauro Andres Garza shall refund into the registry of the Court the compensation distributed by this final judgment, or such part thereof as the Court may direct, together with interest thereon at the annual rate provided in 40 U.S.C. § 3116 from the date of receipt of compensation to the date of repayment into the registry of the Court.

This final judgment is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants Juan Antonio Muniz and his devisees, Evangelina Garza Chavez, Dora Garza Hinojosa, Minerva Garza Salinas, Benita Garza Cepeda (a.k.a Benita Garza Zepeda), Celia Garza Garza, Alicia Garza Vasquez, Hector Antonio Garza, Samuel Alejandro Garza, and Mauro Andres Garza. Each party is to bear its own costs and

---

[6] 28 U.S.C. § 2042.

fees. This final judgment resolves all issues in this case. Any relief not expressly granted in this final judgment is hereby **DENIED**. All deadlines and conferences in this case are **CANCELLED** and any pending motion, request, or other matter is **DENIED AS MOOT**. This is a final judgment for which execution may issue as allowed by law. This case is terminated and the Clerk of the Court is instructed to close the case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of March 2022.

_____
Micaela Alvarez
United States District Judge

